**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ODELL TERRY,                          :
                                      :     Civil Action No. 06-3030 (JBS)
          Plaintiff,                  :
                                      :
          v.                          :     **OPINION**
                                      :
NEW JERSEY DEPARTMENT OF              :
CORRECTIONS, et al.,                  :
                                      :
          Defendants.                 :


**APPEARANCES:**

Odell Terry, Plaintiff <u>pro</u> <u>se</u>
South Woods State Prison
215 Burlington Road, South
Bridgeton, NJ 08302


**SIMANDLE**, District Judge:

     Plaintiff Odell Terry, a prisoner confined at South Woods

State Prison in Bridgeton, New Jersey, seeks to bring this action

<u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging

violations of his constitutional rights.  Based on his affidavit

of indigence and the absence of three qualifying dismissals

within 28 U.S.C. §1915(g), the Court will grant Plaintiff's

application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C.

§ 1915(a) and order the Clerk of the Court to file the Complaint.

     At this time, the Court must review the Complaint to

determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff states that he is a citizen of North Carolina.  He has requested transfer to a prison facility in that state pursuant to the Interstate Corrections Compact, N.J.S.A. 30:7C-1 through -12.  He states that prison authorities have denied his request on various grounds, including that he is not a citizen of North Carolina and that he has detainers excluding him from eligibility.  He disputes these factual grounds for denying his request.  Plaintiff contends that the prison officials involved in the decision to deny his request are depriving him of his civil and constitutional rights.

Plaintiff names as defendants the New Jersey Department of Corrections, Commissioner George Hayman, Administrator Kathryn MacFarland, Assistant Administrator Amadon Jalloh, Parole employee Linda Everett, and Social Services employee Cheryl Bard. He seeks declaratory and injunctive relief and compensatory and punitive monetary damages.

II.   <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

This Court must dismiss, at the earliest practicable time, certain <u>in forma pauperis</u> and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2) (<u>in forma pauperis</u> actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

4

injured in an action at law, suit in equity, or other
proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

Finally, a § 1983 action brought against a person in his or
her official capacity "generally represent[s] only another way of
pleading an action against an entity of which an officer is an
agent."  Monell, 436 U.S. at 690 n.55.  "[I]n an official-
capacity action, ... a governmental entity is liable under § 1983
only when the entity itself is a 'moving force' behind the
deprivation; thus, in an official capacity suit the entity's
'policy or custom' must have played a part in the violation of
federal law."  Kentucky v. Graham, 473 U.S. 159, 166 (1985)
(internal quotation marks and citations omitted).

IV.  ANALYSIS

A.  Claims against the New Jersey Department of Corrections

The Eleventh Amendment to the United States Constitution
provides that, "The Judicial power of the United States shall not
be construed to extend to any suit in law or equity, commenced or

5

prosecuted against one of the United States by citizens of
another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking
to impose a liability which must be paid from public funds in a
state treasury is barred from federal court by the Eleventh
Amendment, unless Eleventh Amendment immunity is waived by the
state itself or by federal statute.  See, e.g., Edelman v.
Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment
protects states and their agencies and departments from suit in
federal court regardless of the type of relief sought.  Pennhurst
State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).
Similarly, absent consent by a state, the Eleventh Amendment bars
federal court suits for money damages against state officers in
their official capacities.  See Kentucky v. Graham, 473 U.S. 159,
169 (1985).  Section 1983 does not override a state's Eleventh
Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2)
require this Court to dismiss this action if it "seeks monetary
relief from a defendant who is immune from such relief."

In addition, neither states, nor governmental entities that
are considered arms of the state for Eleventh Amendment purposes,
nor state officers sued in their official capacities for money
damages are persons within the meaning of § 1983.  Will v.
Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10

6

(1989); <u>Grabow v. Southern State Correctional Facility</u>, 726
F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of
Corrections is not a person under § 1983).

For the foregoing reasons, all damages claims against the
New Jersey Department of Corrections and against the defendants
in their official capacities must be dismissed with prejudice.

B.    <u>The Transfer Claims</u>

The Interstate Corrections Compact is an agreement between
states, enacted by statute in each participating state, that
authorizes the transfer of one State's prisoner to another
State's prison.  <u>See</u>, <u>e.g.</u>, N.J.S.A. 30:7C-1 through -12.  "The
purpose of this compact is to provide for the mutual development
and execution of such programs of cooperation for the
confinement, treatment and rehabilitation of offenders with the
most economical use of human and material resources."  N.J.S.A.
30:7C-2.

The Interstate Corrections Compact is not a federal law;
accordingly, Plaintiff cannot utilize § 1983 to assert a claim in
this Court based upon an alleged violation of the Interstate
Corrections Compact.  <u>See</u>, <u>e.g.</u>, <u>Fisher v. Carroll</u>, 375 F.Supp.2d
385, 394-95 (D. Del. 2005); <u>Smith v. Cummings</u>, 445 F.3d 1254,
1259 (10th Cir. 2006); <u>Ghana v. Pearce</u>, 159 F.3d 1206, 1208 (9th
Cir. 1998); <u>Stewart v. McManus</u>, 924 F.2d 138, 142 (8th Cir.
1991).  <u>See generally</u> <u>Cuyler v. Adams</u>, 449 U.S. 433, 439-40

(1981) (an interstate compact constitutes federal law only if:
(1) it falls within the scope of the Constitution's Compact
Clause; (2) it receives congressional consent; and (3) its
subject matter is appropriate for congressional legislation).

Moreover, Plaintiff fails to state a claim for deprivation
of liberty without due process, under the Fourteenth Amendment,
arising out of his confinement in New Jersey.

A liberty interest protected by the Due Process Clause may
arise from either of two sources: the Due Process Clause itself
or enacted law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983);
Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir.
1999). With respect to convicted and sentenced prisoners, "[a]s
long as the conditions or degree of confinement to which the
prisoner is subjected is within the sentence imposed upon him and
is not otherwise violative of the Constitution, the Due Process
Clause does not in itself subject an inmate's treatment by prison
authorities to judicial oversight." Montanye v. Haymes, 427 U.S.
236, 242 (1976), quoted in Hewitt, 459 U.S. at 468 and Sandin v.
Conner, 515 U.S. 472, 480 (1995). Cf. Washington v. Harper, 494
U.S. 210, 221-22 (1990) (prisoner possesses liberty interest
under the Due Process Clause in freedom from involuntary
administration of psychotropic drugs); Vitek v. Jones, 445 U.S.
480, 493-94 (1980) (prisoner possesses liberty interest under the
Due Process Clause in freedom from involuntary transfer to state

8

mental hospital coupled with mandatory treatment for mental illness, a punishment carrying "stigmatizing consequences" and "qualitatively different" from punishment characteristically suffered by one convicted of a crime).

It is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement.  See, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt, 459 U.S. at 466-67; Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye, 427 U.S. at 242.  See also Wilson v. Johnson, 805 F.2d 394, 1986 WL 18052 (4th Cir. 1986) (unpubl.) (prisoner has no constitutional right to a change of his custodial location by reason of the Interstate Corrections Compact).

Governments, however, may confer on prisoners liberty interests that are protected by the Due Process Clause.  "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were

not "atypical and significant hardships" in which a state conceivably might create liberty interest).

Nothing in the Interstate Corrections Compact "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" so as to give rise to a liberty interest in transfer.  See, e.g., Garcia v. Lemaster, 439 F.3d 1215, 1219 (10th Cir. 2006); Ghana v. Pearce, 159 F.3d at 1209; Wilson v. Cooper, 922 F.Supp. 1286, 1294-95 (N.D. Ill. 1996).

V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  It does not appear that the defects in the Complaint can be cured by amendment.  An appropriate order follows.


                                        s/ Jerome B. Simandle
                                        Jerome B. Simandle
                                        United States District Judge

Dated:  December 21, 2006

10